UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH KOSTEDT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-671 RLW |
| | ) | |
| C. R. BARD, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This removed diversity matter is before the Court on review of the file. This action was originally filed in the Circuit Court of the City of St. Louis, State of Missouri. Plaintiffs, eighty-three women who underwent surgery and the implantation of a "pelvic mesh device [that] was manufactured, marketed, advertised, and promoted by" Defendants C.R. Bard, Inc. ("Bard") and Doe Manufacturers 1–100,[1] filed a Petition in the Circuit Court of the City of St. Louis seeking monetary relief for injuries allegedly caused by that device. (ECF No. 4.) Plaintiffs allege that Defendant Bard's pelvic mesh device caused them "debilitating injuries including extreme pain, erosion, dyspareunia, urinary problems, recurrent incontinence, and for some Plaintiffs the need for additional surgery." (Id. at 41.) Plaintiffs seek compensatory and punitive damages as well as injunctive relief under theories of failure to warn, manufacturing defect, design defect, negligence, breach of implied warranty, breach of express warranty,

---

[1] Plaintiffs' Petition also contains allegations against Sofradim Production SAS and Tissue Science Laboratories Limited. (ECF No. 4.) Sofradim Laboratories and Tissue Science Laboratories Limited are not listed in the case caption or discussed in the "Parties" section of the Petition, however. The Federal Rules of Civil Procedure require that the title of the action in a complaint "shall include the names of all the parties." Fed. R. Civ. P. 10(a); see also Mo. Rev. Stat. § 509.020 ("In the petition the title of the action shall include the names of all the parties[.]"). Sofradim Laboratories and Tissue Science Laboratories are not properly named in this lawsuit and the Court finds they are not parties to the case.

negligent misrepresentation, and fraud. Defendant Bard removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1.)

The case was initially assigned to United States Magistrate Judge Patricia L. Cohen. Judge Cohen issued an Order on June 16, 2021 (ECF No. 7) for Defendant Bard to show cause in writing why the case should not be remanded for lack of diversity of citizenship, with respect to the allegations in the Notice of Removal as to the Plaintiffs' citizenship. The case was subsequently reassigned.

This Court has carefully reviewed the Petition, the Notice of Removal, and Defendant Bard's Memorandum of Law Regarding Diversity Jurisdiction (ECF No. 13). The Court finds that complete diversity of citizenship is sufficiently alleged, as both the Petition and Notice of Removal contain factual allegations that each Plaintiff is "a natural person residing in" a specific, identified state that is diverse from Defendant Bard's states of citizenship. See Reece v. Bank of New York Mellon, 760 F.3d 771, 778 & n.6 (8th Cir. 2014) (allegation that a person "resides" in a particular state is unambiguous and is sufficient to plead citizenship for diversity jurisdiction purposes). Thus, the Court concludes it has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

The Court notes that Defendant Bard filed a Motion to Dismiss (ECF No. 8) on June 17, 2021. Any opposition to the Motion to Dismiss was due fourteen (14) days later. See E.D. Mo. L.R. 4.01(B). Plaintiffs have not opposed the Motion to Dismiss and the time to do so has passed. If Plaintiffs wish to respond to the Motion to Dismiss, they must promptly file a motion for leave to respond out of time and submit their proposed opposition memorandum as an attachment to the motion for leave. See CM/ECF Procedure Manual, Section II.B.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs must seek leave of Court to file any opposition to Defendant C. R. Bard, Inc.'s Motion to Dismiss by **July 13, 2021**. If Plaintiffs do not timely seek leave to respond, the Court will consider the Motion to Dismiss unopposed and proceed to rule on it.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>6th</u> day of July, 2021.