# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEBORAH KOSTEDT, et al., | ) )  ) |
| Plaintiff, | ) ) No. 4:21-CV-671 RLW |
| v. | ) ) ) |
| C.R. BARD, INC. et al, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant C.R. Bard, Inc.'s Motion to Dismiss Plaintiffs' Petition (ECF No. 8), asserting this Court does not have personal jurisdiction over Defendant C.R. Bard, Inc. ("Bard"). This matter is fully briefed and ready for disposition. For the reasons stated herein, the Court grants Bard's Motion to Dismiss Plaintiffs' Petition.

## LEGAL STANDARD

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction by pleading facts sufficient to support a "reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state." *K-V Pharm. Co. v. J. Uriach & CIA, S.A,* 648 F.3d 588, 59-92 (8th Cir. 2011); *see also Viasystems, Inc. v. EBM— Papst St. Georgen GmbH & Co., KG,* 646 F.3d 589, 592 (8th Cir. 2011); *Miller v. Nippon Carbon Co., Ltd.,* 528 F.3d 1087, 1090 (8th Cir. 2008); *Dever v. Hentzen Coatings*, 380 F.3d 1070, 1072 (8th Cir. 2004); *Epps v. Siewart Info. Servs. Corp.,* 327 F.3d 642, 647 (8th Cir. 2003). A plaintiff's prima facie showing "must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *K-V Pharm.,* 648 F.3d at 592 (quoting *Dever*, 380 F.3d at 1072-73). The Court views the evidence in a light most favorable to the plaintiff and resolves

factual conflicts in the plaintiff's favor; however, plaintiff carries the burden of proof and that burden does not shift to defendants. *Epps,* 327 F.3d at 647; *Wallach v. Whetstone Partners, LLC*, No. 4:16 CV 450 CDP, 2016 WL 3997080, at *1 (E.D. Mo. July 26, 2016); *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "When personal jurisdiction is contested, 'it is the plaintiff who must shoulder the burden of establishing that defendant's contacts with the forum state were sufficient.'" *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. 2010) (quoting *Angoff v. Marion A. Allen, Inc.,* 39 S.W.3d 483, 486 (Mo. banc 2001)).

## BACKGROUND

This case is a personal injury action involving 83 unrelated Plaintiffs, who are citizens of 29 states, and allege they suffered separate injuries from implantation with various pelvic mesh implants designed and manufactured by Bard and the other defendants. This case was originally filed in the Twenty-Second Judicial Circuit Court, St. Louis, Missouri, on January 25, 2019. (Petition, ECF No. 4). More than two years later, Bard was served with the Petition on May 12, 2021. (Notice of Removal, ECF No. 1, ¶ 2). Bard removed this action to federal court on June 11, 2021, under 28 U.S.C. §1332(a), because complete diversity of citizenship exists among all properly joined and served parties. (Notice of Removal, ECF No. 1)

Out of all of the Plaintiffs, only seven plaintiffs, Deborah Kostedt, Kimberly Cook, Barbara Doubt, Joy Goodell, Cathy Myers, Mary Alice Nielson, and Connie Stanton, are citizens of Missouri. (Notice of Removal, ¶ 19; Pet., ¶¶ 23, 30, 37, 66, 68, 77). Bard filed a Motion to Dismiss Plaintiffs' Petition, asserting the Court lacked personal jurisdiction over Bard. (ECF No. 8).

Bard argues that this Court should dismiss this case for lack of personal jurisdiction over Bard and because Plaintiffs failed to prosecute this case, particularly by delaying service on Bard for over two years.  The Court dismisses this action against Bard for lack of personal jurisdiction.[1]

## DISCUSSION

### A.     General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, (2011); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n. 9; (1984).  "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 118, 137 (citing *Goodyear*, 564 U.S. at 923). "The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler*, 571 U.S. at 118–19 (citing *Goodyear,* 564 U.S. at 923-24). A "corporation's 'continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Daimler*, 571 U.S. at 132 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). The Supreme Court cautioned that the exercise of due process does not "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business.'" *Daimler*, 571 U.S. at 119.  "To 'approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business,' the Supreme

---

[1] The Court does not reach the issue of whether Plaintiffs' failure to serve Bard for two years constitutes a failure to prosecute and necessitates dismissal of this action.

Court explained, 'is unacceptably grasping.'" *Mitchell v. Eli Lilly & Co.*, 159 F. Supp. 3d 967, 973 (E.D. Mo. 2016) (citing *Daimler*, 571 U.S. at 138 (quotation marks and citation omitted)). Rather, "[o]nly in an 'exceptional case' will 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business ... be so substantial and of such a nature as to render the corporation at home in that State.'" *Daimler*, 571 U.S. at 139, n.19.

Plaintiffs argue that Bard's "continued activity within the State of Missouri would render [it] at home in the [S]tate of Missouri and in turn subject to the jurisdiction of their courts." (ECF No. 23 at 3). Plaintiffs rely on their claim that seven plaintiffs had implants of Defendants' products in Missouri. (ECF No. 23 at 3-4). Finally, Plaintiffs contend that the pelvic mesh implants of which this lawsuit centers around were continuously and systematically sold and marketed within the State of Missouri.  (ECF No. 23 at 3-4).

Although Plaintiffs argue in their opposition that Bard is "at home" in Missouri, Plaintiffs allege in their Petition that Bard is a Delaware corporation with its principal place of business in New Jersey.  (Pet., ¶ 87).  Thus, Bard is not "at home" in Missouri such to make Bard amenable to suit in this District.  Nor does this Court hold that this case is an "exceptional case" that would allow this Court to exercise general jurisdiction over Bard based upon its contacts with Missouri. *Daimler*, 571 U.S. at 139, n.19. Plaintiffs have not alleged any facts to suggest Bard's activities in Missouri are anything other than that of a business conducting activities in multiple states. *See Barron v. Pfizer, Inc.*, No. 4:15-CV-584 CAS, 2015 WL 5829867, at *2 (E.D. Mo. Oct. 6, 2015). For example, Plaintiffs have not pled that Bard maintains its corporate headquarters in Missouri, is managed from Missouri, or has revenue from sales in Missouri that exceed that of other states. *Id*. The mere marketing of pelvic mesh implants in Missouri does not make Bard's connection with the state continuous and systematic as to render it at home here. *See Goodyear*, 564 U.S. at

923. The Court finds that Bard's regular business in this forum is not sufficient to confer general jurisdiction. *See Daimler*, 571 U.S. at 118–19 (rejecting the concept that a business organization is at home in a forum state merely because it does significant business there). Accordingly, the Court holds it does not have general jurisdiction over Bard based upon the allegations in the Petition.

> **B.** **Specific Jurisdiction**

"In order for a state court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Daimler*, 571 U.S. at 127). That is, there must be "an affiliation between the forum and the underlying controversy, principally an activity or an occurrence that takes place in the forum State." *Id.* When "there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the state." *Id.* at 1781. "Because of this requirement, specific jurisdiction has been called 'conduct-linked jurisdiction,' which focuses upon the specific conduct of the defendant in the forum state." *A.T. Through Travis v. Hahn*, 341 F. Supp. 3d 1031, 1036 (E.D. Mo. 2018) (quoting *Daimler*, 571 U.S. at 122).

Plaintiffs contend that this Court has specific jurisdiction under the Missouri long-arm statute, Mo. Rev. Stat. § 506.500, because Bard "committed a tortious act in Missouri through the Design, Manufacturing, Sales, marking and failure to warn about not only the Align product, which was implanted in Plaintiff Kostedt[,]" a Missouri resident. (ECF No. 23 at 5 (citing Pet., ¶¶ 1, 2, 89)). Plaintiffs contend that any deficiencies in their factual allegations regarding the place of implantation (allegedly Missouri) could simply be rectified through "a minor amendment." (ECF No. 23 at 6, n.2). Plaintiffs further rely on their allegation that Bard purposefully availed itself in

Missouri because it "sold and marketed [its] products there." (ECF No. 23 at 6 (citing Pet., ¶¶ 1, 89, 2, 5-11 [Failure to Warn]; 12-15 [Manufacturing Defect]; 16-25 [Design Defect]; 26-34 [Negligence])). Plaintiffs assert that Bard took an "active action" to put its product in Missouri. (ECF No. 23 at 6)). Plaintiffs contend the connection between Bard's actions and Missouri is exemplified "[s]ince at least one of the Plaintiffs in this particular complaint received their implant within the state of Missouri[.]" (ECF No. 23 at 9).[2]

The Court finds that Bard's sale of the pelvic mesh products does not weigh in favor of specific jurisdiction because they are "[r]andom, fortuitous, or attenuated contacts[.]" *Pasch v. OnDoc, LLC.*, No. 4:20-CV-00782-MTS, 2021 WL 4148337, at *2 (E.D. Mo. Sept. 13, 2021) (citing *Burger King Corp.*, 471 U.S. at 475 (1985)). That is, the Court cannot exercise specific jurisdiction over Bard based upon its sale of pelvic mesh products in Missouri because this lawsuit does not "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780; *Williams v. LG Chem, Ltd.*, No. 4:21-CV-00966-SRC, 2021 WL 6072500, at *3 (E.D. Mo. Dec. 23, 2021). Plaintiffs have not alleged a connection between Bard's sale of the pelvic mesh in Missouri and any of Plaintiffs' injuries. (ECF No. 23 at 6, n.2). Plaintiffs do not allege that Plaintiffs received their implants in Missouri, Plaintiffs or their physicians were warned regarding the implants in Missouri, Plaintiffs received treatment in Missouri, or Plaintiffs were injured in Missouri. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1019 (2021) (quoting *Bristol-Myers*, 137 S.Ct. at 1786) ("the plaintiff's claims 'must arise out of or relate to the defendant's contacts' with the forum"). Rather, Plaintiffs allege "[a]fter the device

---

[2] Plaintiffs attempt to discount other cases cited by Bard because they are based upon pharmaceutical drug products, not pelvic mesh implants as in this case. (ECF No. 16 at 6, n.2). Plaintiffs, however, do not explain why these product liability cases are irrelevant, simply because of the different products.

was implanted, Plaintiff [] began to experience severe complications related to the implant, . . . [and] may have underwent multiple corrective surgeries to remove all or part of the pelvic mesh device." (Pet., ¶¶ 1, 23, 30, 37, 66, 68, 77). The Court finds these allegations insufficient for personal jurisdiction over Bard. The Court grants Bard's Motion to Dismiss because the Court does not have specific jurisdiction over Bard based upon the allegations in Plaintiffs' Petition.

    C.    Leave to Amend

In an attempt to save their Petition, Plaintiffs first contend that the Court should overlook their failure to plead that Bard's product was implanted in Plaintiffs Deborah Kostedt, Kimberly Cook, Barbara Doubt, Joy Goodell, Cathy Myers, Mary Alice Nielson, and Connie Stanton in Missouri because "it would simply require a minor amendment" to cure this pleading deficiency. (ECF No. 23 at 6, n.2). Later, Plaintiffs ask the Court that "dismissal be without prejudice and with leave to amend." (ECF No. 23 at 10-11 (citing *Lopez v. Smith*, 203 F. 3d 1122, 1130 (9th Cir. 2000)).

Plaintiffs filed their opposition to Bard's Motion to Dismiss more than five months ago. In their opposition, Plaintiffs acknowledged their pleading deficiencies, yet they still have not filed a proposed amended petition. "The Eighth Circuit has repeatedly held that district courts do not abuse their discretion in denying leave to amend where the plaintiff did not file a motion for leave to amend and submit a proposed amended complaint, and merely asked for leave to amend in its response to a motion to dismiss." *Tracy v. SSM Cardinal Glennon Children's Hosp.*, No. 4:15-CV-1513 CAS, 2016 WL 3683000, at *16 (E.D. Mo. July 12, 2016) (citing *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 678 n.4 (8th Cir. 2013); *Minneapolis Firefighters' Relief Ass'n v. MEMC Electronic Materials, Inc.*, 641 F.3d 1023, 1030 (8th Cir. 2011); *In re 2007 Novastar*

*Financial, Inc., Secs. Litig.*, 579 F.3d 878, 884–85 (8th Cir. 2009); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985)); *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Wolgin v. Simon,* 722 F.2d 389, 394 (8th Cir. 1983) (granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate).  The Court denies Plaintiffs' request for leave to amend their Petition because Plaintiffs have not provided a proposed amended complaint to the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant C.R. Bard, Inc.'s Motion to Dismiss Plaintiffs' Petition (ECF No. 8) is **GRANTED**.  Plaintiffs' claims against C.R. Bard, Inc. are **DISMISSED**.

Dated this 1st day of February, 2022.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**